UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SERVANT VENTURES, INC., d/b/a GAZELLES INTERNATIONAL COACHES,<br><br>                  Plaintiff,<br><br>   v.<br><br>GAZELLES, INC., and GAZELLES FL, INC.,<br><br>                  Defendants. | CASE NO. C18-5327 BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on Plaintiff Servant Ventures, Inc.'s ("SVI") motion for temporary restraining order (Dkt. 6). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On April 6, 2018, SVI, doing business as Gazelles International Coaches, filed a complaint against Defendants Gazelles FL, Inc., and Gazelles, Inc. ("Gazelles") in Clark County Superior Court for the State of Washington. Dkt. 1-1. SVI asserts causes of

action for breach of contract, promissory estoppel, tortious interference with contract, and defamation. *Id*. SVI seeks preliminary and permanent injunctive relief. *Id*.

On April 25, 2018, Gazelles removed the matter to this Court. Dkt. 1.

On April 26, 2018, SVI filed a motion for temporary restraining order. Dkt. 6. On April 28, 2018, Gazelles responded. Dkt. 12. On April 30, 2018, SVI replied. Dkt. 16. On May 1, 2018, Gazelles filed a surreply moving to strike SVI's reply.[1] Dkt. 20.

On May 2, 2018, Gazelles filed a motion to dismiss for lack of personal jurisdiction. Dkt. 22.[2]

## II. FACTUAL BACKGROUND

This matter arises out of an alleged oral contract between the principal of SVI, Keith Cupp, and the owner of Gazelles, Verne Harnish. The contract involves the licensing of Mr. Harnish's intellectual property relating to the "books, programs, and curriculums specializing in leadership, strategic planning, and growth for individuals and companies looking to succeed and scale up in the business world." Dkt. 1-4, ¶ 4. For example, Gazelles registered the trademark "GAZELLES" in 2002 for educational services in the field of business strategic planning. Dkt. 1-3, ¶ 9. Mr. Harnish licensed

---

[1] The Court denies the motion to strike concluding that the reply and supplemental information is helpful in the context of this case. Moreover, the Court granted Gazelles an opportunity to respond to the reply at the hearing.

[2] This motion reiterates an argument Gazelles advances in opposition to SVI's motion. Until Gazelles' motion to dismiss is considered, SVI may rest on the allegations in its complaint, which establish general jurisdiction over Gazelles based on continuous and substantial contacts with Washington. Dkt. 1-1, ¶¶ 3–4. If the Court dismisses SVI's complaint for lack of jurisdiction, then the Court will also dissolve any pending injunction as well.

this property to Mr. Cupp for use in training business coaches and, in return, Mr. Cupp would give Mr. Harnish one-third of his profits.

In 2010, Mr. Cupp incorporated SVI doing business as Gazelles International. Mr. Harish declares that he was unaware that Mr. Cupp formed SVI. Dkt. 1-4, ¶ 6. It seems that from 2010 to 2017, Mr. Cupp would recruit and sign business coaches with a contract stating that Mr. Cupp was President of Gazelles International. Dkt. 17-1. In 2018, Mr. Cupp apparently began to use contracts with his coaches that moved away from the Gazelles brand and focused more on SVI as a business. Mr. Harish was informed of this, and the parties' relationship began to sour. Despite the strained relationship, Mr. Cupp declares that he paid the quarterly dues to license the intellectual property for the second quarter of 2018. Dkt. 7. Based upon the current record, it is undisputed that the license agreement has not been terminated.

Relevant to the instant motion, both companies are organizing seminars in New Orleans for mid-May 2018. SVI's coaches summit is scheduled immediately prior to Gazelles so that SVI's coaches may stay and attend Gazelles' summit. SVI has submitted uncontested evidence that Mr. Harish has contacted SVI's coaches and expressly urged them not to sign the 2018 SVI agreement. Dkt. 1-3, ¶ 18. Mr. Cupp also declares that Mr. Harnish has stated that Gazelles retains the authority to approve or cancel contracts between SVI and its coaches. *Id*. Moreover, SVI has submitted uncontested evidence that Mr. Harish has (1) interfered with at least two speakers that SVI had booked for SVI's New Orleans seminar and (2) may have interfered with SVI's hotel and conference facility requiring SVI to switch facilities at the last minute. *Id*. ¶¶ 21–24, 29.

## III. DISCUSSION

**A.     Injunctive Relief**

A plaintiff seeking preliminary relief must establish that she is likely to succeed on the merits, that she is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in her favor, and that an injunction is in the public interest. *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008)

In this case, the Court concludes that SVI has established these four elements on its claim for tortious interference with business relationships. SVI has submitted uncontested evidence that Mr. Harnish has interfered with SVI's coaches, speakers, and conference facilities. Regardless of the propriety of the ongoing intellectual property dispute, SVI has shown that it is likely to succeed on the merits of its claims that Mr. Harnish has interfered with SVI's business relationships and business expectancies. Mr. Harnish informing SVI's coaches that he owns the trademark Gazelles is simply stating an undisputed fact. On the other hand, Mr. Harnish urging SVI's coaches not to sign a 2018 contract with SVI because Mr. Harnish is going to terminate the licensing deal with SVI is improper interference with a known contractual relationship. Therefore, SVI has met its burden on this element.

Regarding irreparable harm, SVI has shown that, in the absence of relief, Mr. Harnish will continue to interfere with SVI's coaches and seminar plans. Mr. Cupp declares that Mr. Harnish's interference threatens to permanently damage SVI's relationships with its coaches. Dkt. 1-3, ¶ 29. SVI argues that the relationships were built over a number of years and that coaches who terminate their contracts are unlikely

to return. Dkt. 6 at 10–11. While these assertions seem to imply business relationships that are more fragile than normal, this is the only evidence in the record. Gazelles argues without support that it is reasonable to expect that SVI could repair any strained business relationship if it ultimately prevails in this matter. Dkt. 12 at 9. This argument, however, is contrary to the evidence in the record, and the Court concludes that SVI has met its burden on this element.

Regarding the last two elements, the Court concludes that the balance of equities tips in SVI's favor and an injunction is in the public interest. SVI is the only party that could be significantly damaged in the absence of relief, and SVI has paid its quarterly licensing dues. Based on these facts, the balance of hardships tips in SVI's favor because the status quo should be maintained at least until the parties' contract is legally and formally terminated. Based on the current record, it seems unfair for Mr. Harnish to accept SVI payments and then tell SVI's coaches that SVI has no right to license or use Gazelles' intellectual property. Moreover, the public has an interest in fair business practices and opportunities.

In sum, SVI has established that some form of relief is warranted. The Court finds that SVI's requested relief is too broad and narrows the relief as follows:

> Gazelles shall not communicate publically or privately that it has the authority to act on behalf of SVI;
> Gazelles shall not communicate with any coach currently under contract with SVI to induce, urge or suggest that the coach terminate or refuse to renew the coach's contractual relationships with SVI, nor to threaten retaliation against any coach that renews or otherwise maintains its contractual relationship with SVI; and
> Gazelle shall not contact any persons or entity which SVI enters into an agreement with relating to speaking engagements, vendor services, or

any other aspect of SVI's business, in order to induce or with a likely effect that it may induce, the party to terminate or not enter into an agreement with SVI.

**B.     Bond**

The parties dispute the amount of bond for this order. SVI contends that the Court should exercise its discretion and require a nominal bond of $100. Dkt. 6 at 13. There is some merit to SVI's position because the only party that could suffer injury is SVI. On the other hand, Gazelles requests a bond of $2,000,000. Dkt. 12 at 13. The Court finds that a nominal bond is warranted because, based on the relief granted, it appears unlikely that Gazelles will suffer any damage as a result of an injunction preventing it or Mr. Harnish from interfering with SVI's business partners. Therefore, the Court imposes a bond of 1% of SVI's annual revenue, which amounts to approximately $25,000. *See* Dkt. 1-4, ¶ 7 (annual revenue of $2,250,000).

## IV.  ORDER

Therefore, until further order of the Court, it is hereby **ORDERED** that SVI's motion for a temporary restraining order (Dkt. 6) is **GRANTED in part** and **DENIED in part** as follows:

> Defendants GAZELLES, INC., and GAZELLES FL, INC., and their owners and officers, are hereby ORDERED, for a period of sixty days:
> To not communicate either publically or privately that it has the authority to act on behalf of SVI or SVI d/b/a Gazelles International;
> To not communicate with any coach currently under contract with SVI or SVI d/b/a Gazelles International to induce, urge or suggest that the coach terminate or refuse to renew the coach's contractual relationship with SVI or SVI d/b/a Gazelles International, nor to threaten retaliation against any coach that renews or otherwise maintains its contractual relationship with SVI or SVI d/b/a Gazelles International;

        To not contact any persons or entity which SVI or SVI d/b/a Gazelles International enters into an agreement with relating to speaking engagements, vendor services, or any other aspect of SVI or SVI d/b/a Gazelles International's business, in order to induce or with a likely effect that it may induce, the party to terminate or not enter into an agreement with SVI or SVI d/b/a Gazelles International;

        To direct and cause their respective owners, officers, employees, agents and servants to abide by this Order.

SVI shall post a bond of $25,000 no later than May 9, 2018. Failure to timely post the bond or otherwise respond shall dissolve this temporary injunction.

Dated this 3rd day of May, 2018.

                                                  BENJAMIN H. SETTLE
                                                  United States District Judge