1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

SERVANT VENTURES, INC.,

CASE NO. C18-5327 BHS

Plaintiff,

9     v.

ORDER DENYING
DEFENDANTS' MOTION FOR
ATTORNEY'S FEES AND COSTS

10    GAZELLES, INC., and GAZELLES FL,
INC.,

11
Defendants.
12

13         This matter comes before the Court on Defendants Gazelles FL, Inc., and

14    Gazelles, Inc.'s ("Gazelles") motion for attorney's fees and costs (Dkt. 55).  The Court

15    has considered the pleadings filed in support of and in opposition to the motion and the

16    remainder of the file and hereby denies the motion for the reasons stated herein.

17                    **I.    PROCEDURAL HISTORY**

18         On April 6, 2018, Plaintiff Servant Ventures, Inc. ("SVI"), doing business as

19    Gazelles International Coaches, filed a complaint against Gazelles in Clark County

20    Superior Court for the State of Washington.  Dkt. 1-1.  SVI asserted causes of action for

21
22

breach of contract, promissory estoppel, tortious interference with contract, and defamation. *Id*.

On April 25, 2018, Gazelles removed the matter to this court. Dkt. 1.

On May 3, 2018, the Court granted in part and denied in part SVI's motion for temporary restraining order ("TRO"). Dkt. 23.

On May 2, 2018, Gazelles moved to dismiss for lack of personal jurisdiction. Dkt. 22. On June 19, 2018, the Court granted Gazelles' motion and dissolved the TRO. Dkt. 53.

On July 5, 2018, Gazelles filed a motion for attorney's fees and costs. Dkt. 55. On July 16, 2018, SVI responded. Dkt. 61. On July 20, 2018, Gazelles replied and submitted additional evidence in support of its reply. Dkts. 63, 64. On July 24, 2018, SVI filed a surreply and submitted evidence in support of its surreply. Dkts. 65, 66. Not to be outdone, on July 25, 2018, Gazelles filed a surreply. Dkt. 68.[1]

## II. DISCUSSION

Gazelles seeks fees and costs for numerous reasons. First, Gazelles seeks attorney's fees pursuant to RCW 4.28.185(5) for the costs associated with litigating this matter in Washington. Dkt. 55 at 5–10. Washington's long-arm statute provides that if a defendant is served under the statute "and prevails in the action, there may be taxed and

---

[1] SVI's surreply is improper because it includes additional argument and evidence, and Gazelles' surreply is improper because it does not request the striking of material in a reply brief. *See* Local Rule CR 7(g). The Court will not consider either improper surreply.

allowed to the defendant as part of the costs of defending the action a reasonable amount to be fixed by the court as attorney's fees."  RCW 4.28.185(5).

The award of attorney fees pursuant to this statute is discretionary and the trial court's decision will not be set aside absent a clear showing of abuse.  *Chemical Bank v. Washington Pub. Power Supply Sys.*, 104 Wn.2d 98, 101–02 (1985).  The test used to determine whether attorney fees should be awarded under RCW 4.28.185(5) is as follows:

> Is the action frivolous and brought only to harass the defendant? If that question is answered in the negative, the test should then be: Has the defendant, in being forced to defend the action in this state, been subjected to burdens and inconveniences which would have been avoided had the trial been conducted at the place of his domicile, which are not balanced by conveniences to the defendant resulting from the trial of the action in this state, and which are of sufficient severity to warrant the court in concluding that, without the award of attorney fees, traditional notions of fair play and substantial justice would be violated?

*Chemical Bank*, 104 Wn.2d at 101-02, (quoting *State v. O'Connell*, 84 Wn.2d 602, 606, (1974)).

Under these standards, the Court finds that Gazelles has failed to meet its burden for an award of fees.  The Court does not find that the action was frivolous or brought just to harass Gazelles.  SVI's principal, Keith Cupp ("Cupp"), may have some legitimate claims against Gazelles.  The problem, however, is that SVI failed to show that the contracts and contacts Cupp had with Gazelles could be imputed to SVI.  *See* Dkt. 53 at 9 ("SVI fails to allege or submit evidence to establish that Gazelles either ratified or acquiesced to SVI's alleged assumption of the contract with Mr. Cupp.").  Thus, the

assertion of jurisdiction seemed reasonable until the Court drilled down into the parties' actual dealings.

Regarding the issue of whether Gazelles experienced any undue burden that violates traditional notions of fair play and substantial justice, the Court finds that Gazelles has not. This was a close question under an evolving body of law. It's undisputed that the Supreme Court has recently limited both general and specific jurisdiction. *See BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017) (general jurisdiction); *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (specific jurisdiction). The Court concludes that succeeding on an early motion to dismiss involving a close question in a shifting area of law does not warrant an award of attorney's fees. Therefore, the Court denies Gazelles' motion on this issue.

Second, Gazelles requests attorney's fees for the dissolved TRO. Dkt. 55 at 10–11. "On equitable grounds, a party may recover attorneys' fees reasonably incurred in dissolving a wrongfully issued injunction or restraining order." *Ino Ino, Inc. v. City of Bellevue*, 132 Wn.2d 103, 143 (1997), *amended*, 943 P.2d 1358 (1997). "The amount of a reasonable attorneys' fee is within the trial court's discretion." *Id*. In this case, the Court finds no equitable ground to award fees. Moreover, another principle of equity is clean hands, and SVI submitted sufficient evidence to show that Gazelles was intentionally interfering with SVI's coaches and business opportunities in New Orleans. *See* Dkt. 23 (the TRO). Therefore, the Court denies Gazelles' motion on this issue.

Finally, Gazelles moves for an award of costs. Dkt. 61 at 11–13. Costs should be awarded "to the prevailing party." Fed. R. Civ. P. Rule 54(d)(1). A defendant that

succeeds on a motion to dismiss for lack of personal jurisdiction is not a prevailing party because the defendant may still be sued in a different forum. *See*, *e.g., Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 102 (2d Cir. 2006). Lack of personal jurisdiction does not alter the legal relationship between the parties. Instead, it is simply a procedural rule limiting suits within the forum. Therefore, the Court denies Gazelles' motion for costs because they are not prevailing parties.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Gazelles' motion for attorney's fees and costs (Dkt. 55) is **DENIED**.

Dated this 13th day of September, 2018.

BENJAMIN H. SETTLE
United States District Judge